Marc Van Der Hout (California Bar # 80778)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiffs
Amir AJAMI
MAGMA DESIGN AUTOMATION, INC.

E-filing

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amir AJAMI; and<br>MAGMA DESIGN AUTOMATION, INC.<br><br>     Plaintiffs,<br><br>     v.<br><br>Michael CHERTOFF, in his Official Capacity, Secretary, U.S. Department of Homeland Security; Emilio T. GONZALEZ, in his official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Christina POULOS, in her Official Capacity, Acting Director, California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Evelyn UPCHURCH, in her Official Capacity, Director, Texas Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Michael B. MUKASEY, in his Official Capacity, Attorney General, U.S. Department of Justice; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation<br><br>     Defendants. | Case No.   CV 08 0816<br><br>**Petition for Writ of Mandamus**<br><br>Immigration Case, Administrative Procedure Act Case<br><br>Agency No.: A99 044 383 |

Petition for Writ of Mandamus                                                                                                                 No. _____

## INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

2. This action seeks to compel the Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), to adjudicate forthwith the following petitions and applications:

> (1) Immigrant Petition for Alien Worker (Form I-140) ("I-140 visa petition") filed on behalf of Plaintiff Amir Ajami ("Mr. Ajami") by his employer, Plaintiff Magma Design Automation, Inc. ("Magma");
>
> (2) Application to Adjust Status (Form I-485) ("AOS application") that Mr. Ajami filed on his own behalf;
>
> (3) Application for Travel Document (Form I-131) ("I-131 travel document application") that Mr. Ajami filed on his own behalf; and
>
> (4) Application for Employment Authorization (Form I-765) ("EAD application") that Mr. Ajami filed on his own behalf.

3. Mr. Ajami is a national and citizen of Iran. See Declaration of Beth Feinberg in Support of Petition for Writ of Mandamus ("Feinberg Dec.") at Exhibit ("Exh.") A. He earned a Ph.D. in Electrical Engineering from the University of Southern California in 2002, and has been lawfully employed as a Software Engineer at Magma since that same year. Id.; see also id. at ¶ 2. Magma is a publicly-owned Software Company established in 1997 and headquartered in Santa Clara, California. Id. at ¶ 2. Magma employs approximately 930 people worldwide. Id.

4. On August 8, 2005, Magma filed an I-140 visa petition on Mr. Ajami's behalf with the USCIS California Service Center. Mr. Ajami concurrently filed an AOS application, an I-131 travel document application, and an EAD application. Id. at Exh. B. Those applications were subsequently transferred to the USCIS Texas Service Center, and have all now been pending for approximately two and a half years. Id. at ¶ 5.

5. On August 22, 2005, the Federal Bureau of Investigation ("FBI") received a name check request for Mr. Ajami from USCIS. Id. at Exh. C. On information and belief, the name check still has not been completed. Id. at ¶ 6.

6. With its prior I-140 visa petition still not adjudicated, on October 12, 2006, Magma filed another I-140 visa petition at the USCIS Texas Service Center, along with a Request for Premium Processing Service (Form I-907) ("I-907 Request for Premium Processing"), and paid $1,000 for Premium Processing for the petition. Id. at Exh. E. Upon payment of the Premium Processing fee, USCIS was required to either adjudicate Magma's I-140 visa petition within 15 days or refund their $1,000 fee. Magma filed this second I-140 visa petition (with a request that the first one be withdrawn) because the first I-140 visa petition that it filed on behalf of Mr. Ajami had languished unadjudicated with USCIS, and Magma hoped that the petition would be quickly adjudicated through USCIS' Premium Processing Service. However, Magma's visa petition has now been pending for <u>over one year and three months</u> and Magma's $1,000 fee was never refunded. Id. at ¶ 9.

7. On November 29, 2006, Mr. Ajami also filed a new AOS application, a new I-131 travel document application, and a new EAD application with the USCIS Texas Service Center. Id. at Exhs. F, G, H. These applications have now all been pending for over one year and two months.

Petition for Writ of Mandamus   2   No. _____

8. Mr. Ajami completed biometrics on December 19, 2006, and has maintained lawful non-immigrant status during the entire time he has been in the United States. Id. at Exh. F.

9. Mr. Ajami and Magma have made numerous inquiries to USCIS, as well as to other federal agencies and officials, regarding the status of the aforementioned visa petitions and applications, all to no avail. Id. at Exhs. I-R. They have only been informed that the visa petition and applications are delayed pending the FBI name check that USCIS requested from the FBI on **August 22, 2005**, and have not been provided with any timeframe for adjudication. Both Mr. Ajami and Magma have suffered significant hardship due to USCIS' unreasonable delay, as Mr. Ajami's ability to travel abroad for business purposes has been impeded by the delay in adjudicating his travel document application and his AOS application.

10. According to the USCIS website, as of January 15, 2008, the Texas Service Center is currently processing I-140 visa petitions received on June 21, 2007. Id. at Exh. S. This shows that Magma's I-140 visa petition is now over eight months behind normal processing time. Id.

11. According to the USCIS website, as of January 15, 2008, the Texas Service Center is currently processing employment-based AOS applications received on May 24, 2007. Id. This shows that Mr. Ajami's AOS application is now approximately six months behind normal processing time. Id.

12. According to the USCIS website, as of January 15, 2008, the Texas Service Center is currently processing I-131 travel document applications received on October 17, 2007 and EAD applications received on October 30, 2007. Id. This shows that Mr. Ajami's

AOS and EAD applications are now approximately eleven months behind normal processing time. Id.

13. The delay in processing Magma's I-140 visa petition and Mr. Ajami's AOS application, I-131 travel document application, and EAD application is unreasonable and unlawful. Thus, they file this writ for mandamus action to have that visa petition and those applications adjudicated forthwith.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

15. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacities, and agencies of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California; because Mr. Ajami resides in the Northern District of California; because Magma is headquartered in the Northern District of California and the Magma office in which Mr. Ajami works is within the Northern District of California; and because there is no real property involved in this action. Therefore, venue is proper in this district.

16. <u>Intradistrict Assignment</u>: This action should be assigned to the San Jose Division because a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction of that division, Mr. Ajami resides in that division, Magma is headquartered in that division and the Magma office in which Mr. Ajami works is within that division. <u>See</u> Local Rules 3-2(c), (d).

## PARTIES

17. Plaintiff Amir AJAMI is a national and citizen of Iran who resides in Sunnyvale, California, within the jurisdiction of this Court. He earned a Master of Science degree in Electrical Engineering in 1998, and earned a Ph.D. degree in Electrical Engineering from the University of Southern California in 2002. He has been lawfully employed as a Software Engineer at Magma since 2002, pursuant to a non-immigrant work visa (H-1B). Mr. Ajami has remained in legal status throughout the entire time he has been in the United States

18. Plaintiff MAGMA DESIGN AUTOMATION, INC. is a publicly-owned Software Company that employs approximately 930 people worldwide. It was established in 1997 and is headquartered in Santa Clara, California.

19. Respondent Michael CHERTOFF is the Secretary of the United States Department of Homeland Security, and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

20. Respondent Emilio T. GONZALEZ is the Director of United States Citizenship and Immigration Services, and is sued herein in his official capacity.

21. Defendant Christina POULOS is the Acting Director of the USCIS California Service Center, and is sued herein in her official capacity. See 8 C.F.R. §§ 2.1, 103.1.

22. Defendant Evelyn UPCHURCH is the Director of the USCIS Texas Service Center, and is sued herein in her official capacity. See 8 C.F.R. §§ 2.1, 103.1.

23. Respondent Michael B. MUKASEY is the Attorney General of the United States, and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

24. Respondent Robert S. MUELLER, III, is the Director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

## FACTUAL ALLEGATIONS

25. Plaintiffs brings this action to compel USCIS to adjudicate the I-140 visa petition that Magma filed on behalf of Mr. Ajami, and the AOS application, the I-131 travel document application, and the EAD application that Mr. Ajami filed on his own behalf.

26. Mr. Ajami is a national and citizen of Iran. See Feinberg Dec. at ¶ 2. He earned a Ph.D. in Electrical Engineering from the University of Southern California in 2002, and has been lawfully employed as a Software Engineer at Magma Design Automation since that same year. Id. at ¶ 2. He currently has valid H-1B status until September 30, 2008. Id. at Exh. A. He has no record of criminal or immigration violations. Id. at ¶ 2.

27. Magma is a publicly-owned Software Company that was established in 1997 and that is headquartered in Santa Clara, California. Magma employs approximately 930 people worldwide. Id. at ¶ 3.

28. On August 8, 2005, Magma filed an I-140 visa petition on behalf of Mr. Ajami with the USCIS California Service Center, classifying him as a member of the professions with an advanced degree, pursuant to 8 U.S.C. § 1153(b) (Receipt No. WAC-05-224-50018). Id. at Exh. B. That visa petition was supported by an approved Labor Certification for a Software Engineer that was originally filed for another foreign national, and for which Mr. Ajami was a substitute beneficiary. Id. at ¶ 4. On December 28, 2006, after that visa petition had sat unadjudicated for over 16 months, it was transferred to the USCIS Texas Service Center. Id. at ¶ 5. As far as Magma is aware, that visa petition remains unadjudicated at the USCIS Texas Service Center. Id.

29. On August 8, 2005, Mr. Ajami filed an AOS application with the USCIS California Service Center (Receipt No. WAC-05-224-50002). Id. at Exh. B. On June 21, 2006, Mr. Ajami completed biometrics in connection with that application. Id. On December 13, 2006, Mr. Ajami's AOS application was transferred to the USCIS Washington field office in Fairfax, Virginia. Id. at ¶ 5. On January 5, 2007, USCIS notified Mr. Ajami that his AOS application had been again transferred to the USCIS Texas Service Center. Id. As far as Mr. Ajami is aware, that application remains unadjudicated at the USCIS Texas Service Center. Id.

30. On August 8, 2005, Mr. Ajami filed an I-131 travel document application with the USCIS California Service Center (Receipt No. WAC-05-224-50008). Id. at Exh. B. On December 28, 2006, that application was transferred to the USCIS Texas Service Center. Id. at ¶ 5. As far as Mr. Ajami is aware, that application remains unadjudicated at the USCIS Texas Service Center. Id.

31. On August 8, 2005, Mr. Ajami filed an EAD application with the California Service Center (Receipt No. WAC-05-224-50012). Id. at Exh. B. On December 28, 2006, that application was transferred to the USCIS Texas Service Center. Id. at ¶ 5. As far as Mr. Ajami is aware, that application remains unadjudicated at the USCIS Texas Service Center. Id.

32. On August 22, 2005, the FBI received a request from USCIS to conduct a name check for Mr. Ajami. Id. at Exh. C. On information and belief, the FBI has not yet processed that name check request. Id. at ¶ 6.

33. On September 6, 2006, Magma filed a new Application for Labor Certification for a Software Systems Engineer for a higher level position under the Program Electronic Review Management ("PERM") system, which provided a new way to process labor certification

applications that was more streamlined than the old system. Id. at Exh. D. Magma's PERM application was approved and certified on September 14, 2006. Id.

34. On October 5, 2006, Magma and Mr. Ajami, through counsel, submitted a request to USCIS to withdraw Magma's previously-filed I-140 visa petition and Mr. Ajami's previously-filed AOS application, I-131 travel document application, and EAD application. Id. at ¶ 8. Upon information and belief, that request still has not been processed and that petition and those applications remain unadjudicated at the USCIS Texas Service Center. Id.

35. On October 12, 2006, Magma filed a new I-140 visa petition with the USCIS Texas Service Center, and paid a $1,000 fee for Premium Processing (Receipt No. SRC-07-009-51745). Id. at Exh. E. On October 13, 2006, the USCIS Texas Service Center issued a notice stating that Magma's I-140 visa petition had been "accepted as a Premium Processing case," and that Magma would receive a notice regarding its case within 15 days of the filing date (October 12, 2006). Id. Magma never received such a notice, and its I-140 visa petition still remains unadjudicated at the USCIS Texas Service Center over 15 months after it was accepted for 15 day Premium Processing. Id. at ¶ 9. Magma never received a refund of its $1,000 Premium Processing fee. Id.

36. On November 29, 2006, Mr. Ajami filed an AOS application with the USCIS Nebraska Service Center (Receipt No. SRC-07-040-53996). Id. at Exh. F. On December 19, 2006, Mr. Ajami completed biometrics in connection with his AOS application. Id. That application remains unadjudicated at the USCIS Texas Service Center. Id. at ¶ 10.

37. On November 29, 2006, Mr. Ajami also filed an I-131 travel document application (Receipt No. SRC-07-040-54062) and an EAD application (Receipt No. SRC-07-040-54049) with the USCIS Nebraska Service Center. Id. at Exhs. G, H. Those applications also remain unadjudicated at the USCIS Texas Service Center. Id. at ¶¶ 11, 12.

38. On June 29, 2006, Mr. Ajami contacted the USCIS California Service Center via telephone to inquire about the status of his first AOS application (which he filed on August 8, 2005). Id. at Exh. I. In a letter dated July 14, 2006, USCIS stated that Mr. Ajami's AOS application had not yet been adjudicated because his case was still pending "background checks." Id.

39. On October 3, 2006, Mr. Ajami again contacted the USCIS California Service Center via telephone to inquire about the status of his first AOS application. Id. at Exh. J. In a letter dated November 7, 2006, USCIS stated that Mr. Ajami's AOS application had not yet been adjudicated because his case was still "pending for review and undergoing system checks." Id.

40. On March 25, 2007, Mr. Ajami sent a letter to First Lady Laura Bush to inquire as to the status of his FBI name check. Id. at Exh. C. On May 8, 2007, the FBI responded to Mr. Ajami's letter, stating that it received USCIS' request to conduct a name check in Mr. Ajami's case on August 22, 2005, and that the name check was still pending. Id.

41. On March 28, 2007, in response to Mr. Ajami's inquiry, United States Congress Member Anna G. Eshoo sent Mr. Ajami a letter stating that the FBI notified her that Mr. Ajami's name check still had not been completed. Id. at Exh. K.

42. On April 16, 2007, Mr. Ajami sent a letter to the USCIS Ombudsman regarding the long delay in adjudicating Magma's I-140 visa petition and Mr. Ajami's AOS application, I-131 travel document application, and EAD application. Id. at Exh. L. On August 3, 2007, USCIS sent a letter to Mr. Ajami, stating that the delay in processing the applications and visa petition was due to the fact that the background check had not yet been completed. Id.

43. On April 20, 2007, Mr. Ajami appeared in person at the USCIS office in San Jose to inquire as to the status of his applications and to request an interim EAD. Id. at M. At that

Petition for Writ of Mandamus        9        No. _____

appointment, Mr. Ajami was informed that USCIS would not issue an interim EAD to him and was told by a San Jose USCIS officer to call the USCIS National Customer Service Center to inquire as to the status of his applications. Id. at ¶ 18.

44. On May 7, 2007, Mr. Ajami called the USCIS National Customer Service Center to inquire as to the status of his applications. Id. at ¶ 19. Mr. Ajami's call was transferred to the USCIS Texas Service Center, and he was informed that he would receive a response to his inquiry within 30 days. Id. In a letter dated May 25, 2007, USCIS stated that Mr. Ajami's AOS application had not yet been adjudicated because his case was still pending a "background investigation." Id. at Exh. N.

45. On May 21, 2007, Mr. Ajami again appeared in person at the USCIS office in San Jose to inquire as to the status of his applications and to request an interim EAD. Id. at Exh. O. Mr. Ajami was again informed that USCIS would not issue an interim EAD to him and was told to call the USCIS National Customer Service Center to inquire as to the status of his applications. Id. at ¶ 20.

46. On June 10, 2007, United States Congress Member Anna G. Eshoo sent Mr. Ajami another letter, stating that, in response to her inquiry, the USCIS Texas Service Center notified her that Mr. Ajami's case was still pending security checks. Id. at Exh. P.

47. On June 15, 2007, Mr. Ajami sent a letter to Vice President Cheney, requesting the Vice President's assistance with Mr. Ajami's immigration case. Id. at Exh. Q. In response to that letter, on July 17, 2007, USCIS sent Mr. Ajami a letter stating that "the required background check on your applications has not been completed." Id.

48. On August 3, 2007, in response to his inquiry, Mr. Ajami received a letter from Morgan Galli, Constituent Services Representative for United States Senator Dianne

Feinstein. <u>Id</u>. at Exh. R. In that letter, Morgan Galli stated: "The Federal Bureau of Investigation has told me that your name check has been pending since August 22, 2005." <u>Id</u>.

49. According to the USCIS website, as of January 15, 2008, the Texas Service Center is currently processing I-140 visa petitions received on June 21, 2007. <u>Id</u>. at Exh. S. This shows that Magma's I-140 visa petition is now over eight months behind normal processing time. <u>Id</u>.

50. According to the USCIS website, as of January 15, 2008, the Texas Service Center is currently processing employment-based AOS applications received on May 24, 2007. <u>Id</u>. This shows that Mr. Ajami's AOS application is now approximately six months behind normal processing time. <u>Id</u>.

51. According to the USCIS website, as of January 15, 2008, the Texas Service Center is currently processing I-131 travel document applications received on October 17, 2007 and EAD applications received on October 30, 2007. <u>Id</u>. This shows that Mr. Ajami's AOS and EAD applications are now approximately eleven months behind normal processing time. <u>Id</u>.

52. USCIS has itself stated that Magma's I-140 visa petition and Mr. Ajami's AOS application, I-131 travel document application, and EAD application, which were filed on October 12, 2006 and November 29, 2006, all remain unadjudicated because the FBI name check, which was requested on August 22, 2005, has still not been completed. <u>Id</u>. at Exhs. L, N, P, Q.

53. Mr. Ajami and Magma have exhausted all available administrative remedies.

//
//
//
//

## CAUSES OF ACTION

### COUNT ONE

### (VIOLATION OF IMMIGRATION AND NATIONALITY ACT)

54. Paragraphs 1 through 53 are incorporated herein.

55. Any employer desiring and intending to employ within the United States an alien entitled to classification under, inter alia, 8 U.S.C. § 1153(b)(2) may file a petition with the Attorney General for such classification. See 8 U.S.C. § 1154(a)(1)(F). Thereafter, if it is determined that the facts stated in the petition are true and that the alien on behalf of whom the petition is filed is eligible for a visa under 8 U.S.C. § 1153(b), the Attorney General shall approve the visa petition. See 8 U.S.C. § 1154(b).

56. Where an I-140 visa petition has a current priority date, an Adjustment of Status application may be submitted even before the visa petition has been approved. See 8 C.F.R. § 245.2(a)(2)(i)(C)(3). An alien who is eligible to receive, inter alia, an employment-based immigrant visa under 8 U.S.C. § 1153(b) may adjust her or his status from nonimmigrant to lawful permanent resident. 8 U.S.C. § 1255(k).

57. The I-140 visa petition filed by Magma on behalf of Mr. Ajami meets all of the criteria set forth in 8 U.S.C. § 1154 and, therefore, the Attorney General is mandated to approve Magma's I-140 visa petition, pursuant to 8 U.S.C. 1154(b). However, over 15 months have passed since Magma's second I-140 visa petition was filed and was accepted for 15 day premium processing. Magma's visa petition has not yet been adjudicated.

58. Mr. Ajami will be eligible for Adjustment of Status once the I-140 visa petition that Magma filed on his behalf has been approved, pursuant to 8 U.S.C. § 1255(k).

59. Mr. Ajami has been immediately eligible to receive a travel document, pursuant to 8 U.S.C. § 1182(d)(5)(A), since the filing of his AOS application. In fact, pursuant to Defendants' own interpretation of the Immigration and Nationality Act, an alien's I-131

travel document application shall be approved so long as the alien has a properly filed AOS application pending and has a legitimate business or personal reason for seeking to temporarily depart the United States. See Feinberg Dec. at Exh. T. Nothing in the Immigration and Nationality Act, nor in its implementing regulations or related published agency directives requires – nor even permits – USCIS to complete an FBI name check in order to hold up the adjudication of an I-131 travel document application.

## COUNT TWO

### (VIOLATION OF ADMINISTRATIVE PROCEDURES ACT)

60. Paragraphs 1 through 59 are incorporated herein.

61. Defendants have failed to adjudicate the I-140 visa petition that Plaintiff Magma filed on behalf of Plaintiff Mr. Ajami, as well as Mr. Ajami's AOS application, in a reasonable time. Mr. Ajami's application for lawful permanent residency cannot be adjudicated until Defendants adjudicate Magma's I-140 visa petition.

62. Defendants have also failed to adjudicate Mr. Ajami's I-131 travel document application and EAD application, both of which Mr. Ajami is eligible to receive as an alien with a pending AOS application. Mr. Ajami has been unable to travel abroad, for either business or personal reasons, and be certain that he can gain reentry, due to Defendants' failure to adjudicate his I-131 application. This has had an adverse affect on both Mr. Ajami and on his employer, Magma, who needs Mr. Ajami to be able to travel abroad for business purposes.

63. Plaintiffs have suffered a "legal wrong" or have been "adversely affected or aggrieved" by the agency's actions. 5 U.S.C. § 702. Plaintiffs are persons aggrieved by agency action, for which there is no other adequate remedy in a court. 5 U.S.C. § 704.

64. Plaintiffs are, therefore, entitled to injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

### COUNT THREE

### (VIOLATION OF 8 C.F.R § 274a.13(d))

65. Paragraphs 1 through 64 are incorporated herein.

66. The USCIS regulation at 8 C.F.R. § 274a.13(d) <u>requires</u> USCIS to issue an interim EAD once an application for work authorization has been pending for more than 90 days. 8 C.F.R. § 274a.13(d) ("Failure to complete the adjudication within 90 days <u>will result</u> in the grant of an employment authorization document for a period not to exceed 240 days.") (emphasis added).

67. The failure to issue, at a minimum, interim employment authorization, to Mr. Ajami is a violation of the regulation set forth at 8 C.F.R. § 274a.13(d). Furthermore, the regulations do not require that a background check be completed before an EAD is issued, nor do they even authorize that such a background check or investigation be conducted, nor that the grant of employment authorization be held up pending such a background check.

68. Mr. Ajami's EAD application has now been pending since November 29, 2006, and Respondents have refused to either adjudicate that application or issue Mr. Ajami interim employment authorization. Respondents' failure to issue, at a minimum, interim employment authorization, is a violation of 8 C.F.R. § 274a.13(d).

### COUNT FOUR

### (MANDAMUS)

69. Paragraphs 1 through 68 are incorporated herein.

70. Defendants have a duty to act and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d 929 (9th Cir. 1997).

71. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. See Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978).

72. Defendants have unlawfully refused to adjudicate the I-140 visa petition that Plaintiff Magma filed on Plaintiff Mr. Ajami's behalf on October 12, 2006, and the AOS application, I-131 travel document application, and EAD application that Plaintiff Mr. Ajami himself filed on November 29, 2006. Defendants' sole stated reason for refusing to adjudicate the visa petition and those applications is that the FBI still has not completed the name check on Mr. Ajami that USCIS requested on August 22, 2005.

73. Mr. Ajami and Magma have exhausted all other available remedies. They have "no other adequate means to attain the relief [they] desire[]." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Their right to issuance of the writ is therefore "clear and indisputable." Id.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order that USCIS adjudicate forthwith the Immigrant Petition for Alien Worker (Form I-140) that Plaintiff Magma filed on behalf of Plaintiff Mr. Ajami on October 12, 2006;

(3) Order that USCIS adjudicate forthwith the Application to Adjust Status (Form I-485) that Plaintiff Mr. Ajami filed on November 29, 2006;

(4) Order that USCIS adjudicate forthwith the Application for Travel Document (Form I-131) that Plaintiff Mr. Ajami filed on November 29, 2006;

(5) Order that USCIS adjudicate forthwith the Application for Employment Authorization (Form I-765) that Plaintiff Mr. Ajami filed on November 29, 2006;

(6) Order that USCIS refund the $1,000 fee that Plaintiff Magma paid to USCIS for Premium Processing of the I-140 immigrant visa petition that it filed on behalf of Plaintiff Mr. Ajami on October 12, 2006;

(7) Award reasonable costs and attorneys' fees; and

(8) Grant such further relief as the Court deems just and proper.

Dated: February 5, 2008

Respectfully submitted,

Marc Van Der Hout
Beth Feinberg
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiffs

By: *Marc Van Der Hout/bf*
    Marc Van Der Hout